# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOUGLAS MELTER, | ) |
|     Petitioner, | ) |
| vs. | ) Civ. No.   15-243 Erie |
| | ) Crim. No.  13-12 Erie |
| UNITED STATES OF AMERICA. | ) |

## OPINION

**Mark R. Hornak, United States District Judge,**

Pending before the Court is Petitioner Douglas Melter's *pro se* Motion for Relief pursuant to Fed.R.Civ.P. 60(b)(1-3) ("Petitioner's Rule 60(b) Motion"). ECF 65. By this motion, Petitioner seeks relief from the Judgment Order entered by this Court on December 7, 2016, in which this Court denied his motion brought pursuant to 28 U.S.C. § 2255 ("Petitioner's Section 2255 Motion") and determined that a certificate of appealability ("COA") should not issue.

On August 29, 2017, the Government filed its Response to Petitioner's Motion for Relief Pursuant to Fed.R.Civ.P. 60(b)(1-3). ECF 69. In its response, the Government contends: "Melter's Motion should be denied because: (1) the Third Circuit has already denied a COA; (2) Melter has failed to establish grounds for relief set forth in Rule 60 (b)(1)-(3); and (3) Melter's motion is really a successive habeas petition captioned as a Rule 60(b) motion." Id. at 1.

I. Legal Analysis.

Rule 60(b) provides in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . .

Fed.R.Civ.P. 60(b)(1), (2), and (3). The motion was filed less than one year after the entry of the order, and therefore, it was timely filed. Fed.R.Civ.P. 60(c).

In support of his Rule 60(b) Motion, Melter makes the following arguments. First, Petitioner argues that "the denial of Petitioner's COA was based on an incorrect standard that placed too heavy a burden on Petitioner" as recently decided in <u>Buck v. Davis</u>, 137 S.Ct. 759 (2017). ECF 65 at 1. Second, Petitioner argues that a reasonable jurist would debate that the plea agreement he entered into was knowing and voluntary because as a result of defense counsel's failure to file for discovery or to investigate any aspect of the Government's case, they had no idea of the evidence against Petitioner when they advised him to accept the government's plea deal. <u>Id.</u> at 2. "Without understanding the case against him or his alternative options for defense, the plea cannot represent a 'knowing or voluntary' choice by the Petitioner, satisfying the requirement for a COA." <u>Id.</u> Third, Petitioner argues that a reasonable jurist would debate the validity of his plea deal because he did not get any benefit from entering into the plea agreement because the three level reduction in his offense level as a result of his plea did not lower his sentencing guidelines range. ECF 65 at 7. "Had Defendant been aware of this [no benefit], he would have demanded a jury trial as a guilty verdict, if reached would have not have changed the Defendant's sentencing exposure but would have allowed Defendant to keep his

2

rights to appeal." Id. Fourth, Plaintiff argues that a reasonable jurist would debate the Court's decision regarding Petitioner's Section 2255 Motion because in making its decision, the Court mistakenly relied on untrue fraudulent statements made by the prosecutor concerning the plea deal, and even if the statements were correct, a jurist would have reason to debate the validity of the plea agreement given the language in the plea agreement that "[t]his letter sets forth the full and complete terms and conditions of the agreement between Douglas E. Melter and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied." Id. at 8-9 (citing ECF 65-1 at 17). The allegedly untrue fraudulent statement at issue is the prosecution's statement that he told defense counsel if Petitioner did not plead guilty to all three counts of the indictment, the government would withdraw the plea offer and seek to file a superseding indictment charging Petitioner with attempting to buy a child, in violation of 18 U.S.C. § 221A(b), the penalty for which is a mandatory minimum sentence of 30 years to life. See ECF 60 at 16.

On June 27, 2017, the Court issued a text order that denied Petitioner's Rule 60(b) Motion, holding:

> The basis of the Motion is that this Court did not give consideration to the impact, if any, of the decision of the Supreme Court in Buck v. Davis, 137 S. Ct. 759 (2017). That decision was delivered by the Supreme Court during the pendency of the Petitioner's appeal in this case to the Court of Appeals for the Third Circuit. The judgment of that Court was entered after the Supreme Court decision referenced by Petitioner, and was therefore presumably available for consideration by that Court. Thus, any request for reconsideration based on that Supreme Court case is more properly addressed to the Court of Appeals.

ECF 66. Thereafter, Petitioner filed a *pro se* motion to reopen Petitioner's Rule 60(b) Motion [ECF 67], which the Court granted on August 16, 2017 [ECF 68].

In the habeas context, when a district court is presented with a Rule 60(b) motion after it has denied the petitioner's federal habeas application, the court must first determine if the Rule

3

60(b) motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). This is because under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals. Therefore, absent such authorization, a district court cannot consider the merits of a subsequent application because it lacks jurisdiction to do so. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h); Robinson v. Johnson, 313 F.3d 128, 139–40 (3d Cir. 2002).

As articulated by the Third Circuit: "in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). See also U.S. v. Schmutzler, 2017 WL 930455, *2 (M.D. Pa. March 9, 2017) ("While Rule 60(b) has an 'unquestionably valid role to play in habeas cases,' a motion under Rule 60(b) will be treated as a 2255 motion if in substance it presents a claim for relief from the criminal judgment. This will happen if the Rule 60(b) motion (1) presents a new claim for relief from the criminal judgment or (2) presents a claim that the court's resolution of a previous claim in section 2255 proceedings attacking the criminal judgment was erroneous.) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 534 (2005)) (footnote omitted).

Upon review of Petitioner's arguments, the Court concludes that to the extent that Petitioner's Rule 60(b) Motion is based upon Petitioner's argument that the Court did not apply the proper standard of review in determining whether to issue a certificate of appealability, Petitioner is attacking the manner in which the earlier habeas judgment was procured, and not the underlying conviction. Therefore, this part of Petitioner's Rule 60(b) Motion is properly

addressed on its merits. To the extent, however, that Petitioner's Rule 60(b) Motion is based upon his arguments that: (1) as a result of defense counsels' conduct he could not have knowingly and voluntarily enter into the plea agreement; (2) his plea deal was not valid because he did not receive any benefit from entering into the plea agreement; and (3) the Court either mistakenly relied on untrue fraudulent statements made by the prosecutor concerning the plea deal or, if the statements were correct, the validity of the plea agreement was debatable in light of the language in the plea agreement, Petitioner is seeking to collaterally attack his underlying conviction, and therefore, this part of his motion is a second or successive § 2255 motion to vacate which this Court lacks jurisdiction to review absent authorization from the Third Circuit to do so.[1]

Turning to the merits of Petitioner's contention that the Court applied the wrong analysis for determining whether a certificate of appealability should issue, presumably this part of Petitioner's Rule 60(b) motion is brought pursuant to Rule 60(b)(1) and Petitioner is contending that the Judgment Order must be vacated because the Court made a "mistake." Fed.R.Cv.P. 60(b)(1). First, to the extent that Petitioner's Rule 60(b) Motion is requesting that the Court vacate its decision not to issue a certificate of appealability relative to the December 7, 2016 Judgment Order and issue a certificate of appealability relative to the December 7, 2016

---

[1] Even if Petitioner's claim concerning the prosecutor's alleged prosecutorial misconduct/fraud is properly brought pursuant to Fed.R.Civ.P. 60(b)(3), this part of Petitioner's Rule 60(b) Motion would still be denied. To prevail under Rule 60(b)(3), "the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." Brown v. Pennsylvania R.R. Co., 282 F.2d 522, 527 (3d Cir.1960). The movant in a Rule 60(b) motion carries a heavy burden, as Rule 60(b) motions are viewed as extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991) (internal quotation marks omitted). The evidence presented by Petitioner in support of his contention that the government engaged in prosecutorial misconduct/fraud, the plea agreement language that states, "[t]his letter sets forth the full and complete terms and conditions of the agreement between Douglas E. Melter and the United States Attorney for the Western District of Pennsylvania, and there are no other agreements, promises, terms or conditions, express or implied," ECF 65-1 at 17, does not prove that the prosecutor engaged in fraud or other misconduct and that this conduct prevented Petitioner from fully and fairly presenting his case.

5

Judgment Order, this issue has been addressed *de novo* by the Third Circuit, and therefore, this Court's decision as to whether or not to issue a certificate of appealability relative to the December 7, 2016 Judgment Order is moot. See U.S. v. Melter, No. 17-1030, April 26, 2017 Order, at 1 (denying Petitioner's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1) because "jurists of reasonable would not debate the District Court's decision to deny Melter's motion filed under 28 U.S.C. § 2255."); id. at July 19, 2017 Order, at 1 (denying Petitioner's petitioner for rehearing). As explained by the appellate court in Woodberry v. Bruce, 203 F. App'x. 186 (10th Cir. 2006):

> Mr. Woodberry's attack on the district court's denial of COA was mooted by our denial of COA on the same claims and our dismissal of his prior appeal. A controversy becomes moot when a court can no longer grant any effective relief. *Osborn v. Durant Bank & Trust Co. (In re Osborn)*, 24 F.3d 1199, 1203 (10th Cir.1994). The COA statute permits a petitioner to address his arguments in favor of a COA to the court of appeals, irrespective of a denial in the district court. 28 U.S.C. § 2253(c). Mr. Woodberry did so, this court considered his arguments, and it denied COA and dismissed his appeal. This denial and dismissal divested the district court of any power to grant further, effective relief in the form of granting him a COA as to the issues he previously appealed and lost on. The district court should therefore have dismissed this Rule 60(b) claim as moot.

Id. at 189; see also Whittaker v. Capello, 2016 WL 9023010, (E.D. Mich. December 7, 2016) (same) (citing Woodberry, *supra.*).

Moreover, the Court did not make a mistake; it applied the correct standard of review in determining whether Petitioner was entitled to a certificate of appealability. Contrary to Petitioner's contention, the Supreme Court's holding in Buck v. Davis, 137 S.Ct. 759 (2017) is not applicable to a district court's analysis of whether or not to issue a certificate of appealability. As explained in U.S. v. Cook, 2017 WL 2872369, *2-3 (E.D. Ky. July 5, 2017):

> In *Buck, id.*, the Supreme Court clarified the standard *appellate courts* should use in addressing requests for issuance of certificates of appealability. It concluded that the Fifth Circuit should not have first decided the merits when considering an

application for a certificate of appealability. Instead, appellate courts must initially resolve whether the matter presents an issue that is fairly debatable among reasonable jurists, thus initially satisfying that court's jurisdictional requirement.

> Until the prisoner secures a COA, the Court of Appeals may not rule on the merits of his case. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L.Ed. 2d 931 (2003) .... The COA inquiry, we have emphasized, is not coextensive with a merits analysis. At the COA stage, the only question is whether the applicant has shown that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.... "When a court of appeals sidesteps [the COA] process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction. *Id.* at 336-337, 123 S. Ct. 1029, 154 L.Ed. 2d 931.
>
> *Buck, supra*, at 773 (emphasis added). As explained recently in *Dilingham v. Warden, Chillicothe Correctional Institution*, [2017 WL 2569754] (S.D. Oh. June 14, 2017), the jurisdiction of a circuit court over a habeas appeal depends on there being a properly-issued certificate of appealability. However, that is not the case with the district courts whose jurisdiction depends on other factors.

Cook, 2017 WL 2872369, at *2-3 (footnote omitted). As further explained by the Cook court, "[a]s the district court explained in *Dilingham*, the habeas trial court cannot decide the appealability question first because it must first decide whether its conclusions are debatable among reasonable jurists. Id., at *3, n. 2 (citing Dilingham, 2017 WL 2569754, at *5).

II. Conclusion.

For the reasons stated above, Petitioner's pending motion shall be denied with prejudice as to Petitioner's argument that the Court applied the wrong analysis for determining whether a certificate of appealability should issue, and otherwise shall be dismissed without prejudice based upon this Court's lack of jurisdiction.

Further, because jurists of reason would not find debatable the Court's disposition of Petitioner's pending motion, construed in part as a true Rule 60(b) motion and in part as a second

7

or second successive habeas petition, a certificate of appealability will be denied. 28 U.S.C. §2253; Slack v. McDaniel, 529 U.S. 473, 484 (2000).

An appropriate Order will follow.

DATED: September 5, 2017

_____
Mark R. Hornak
United States District Judge

cc: All counsel of record

Douglas Melter
33976-068
FCI Sheridan
P.O. Box 5000
Sheridan, OR 97378